

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# USA v. Reyes

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1931

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Reyes" (2006). *2006 Decisions*. Paper 1528.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1528

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1931

———

UNITED STATES OF AMERICA

v.

LIDIA REYES,

*Appellant*

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 04-cr-103-5)
District Judge: Honorable Yvette Kane

———

Argued December 15, 2005

Before: SLOVITER, SMITH, and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed:   February 28, 2006)

James J. West (Argued)
West Long LLC
105 North Front Street, Suite 205
Harrisburg, PA  17101
        *Counsel for Appellant*

Thomas A. Marino, United States Attorney
Theodore B. Smith, III, Assistant U.S. Attorney (Argued)
Eric Pfisterer, Assistant U.S. Attorney
Office of the United States Attorney
228 Walnut Street
Harrisburg, PA  17108
        *Counsel for Appellees*

VAN ANTWERPEN, Circuit Judge.

Appellant Lidia Reyes challenges the legality of her sentence in the United States District Court for the Middle District of Pennsylvania, claiming that (1) a disparity in duration between her sentence and those of her co-defendants rendered her sentence unreasonable, and (2) the District Court failed to affirmatively show that it understood the United States Sentencing Guidelines to be advisory pursuant to the Supreme Court's then-two-month-old decision in *United States v. Booker*, 543 U.S. 220 (2005). We need not consider this second contention as Reyes abandoned it, through counsel, at argument. We conclude that we possess jurisdiction to consider Reyes' first contention because Reyes alleges her sentence was "imposed in violation of law" as required by 18 U.S.C. § 3742(a)(1). *See United States v. Cooper*, ___ F.3d ___, 2006 WL 330324 (3d Cir. (February 14, 2006)). Having jurisdiction pursuant to 18 U.S.C. § 3742(a)(1), we will affirm.

I.

Pursuant to a written plea agreement, Reyes pleaded guilty on October 28, 2004 to a one-count information charging her with conspiracy to distribute 100 grams of heroin. A presentence report was prepared, to which Reyes, through counsel, filed objections. At her March 14, 2005 sentencing hearing, the District Court overruled those objections, except that it granted Reyes a two-level reduction in her offense level for acceptance of responsibility. The District Court then sentenced Reyes to a term of imprisonment of 135 months, which

2

was at the bottom of what the District Court determined to be a guideline imprisonment range of 135 to 168 months. At Reyes' sentencing, the District Court stated in pertinent part:

> THE COURT: Counsel, the basis for the sentence is as follows: The Court is adopting the factual findings and the guideline applications in the presentence report except as I have previously noted. The defendant is being credited with acceptance of responsibility and with the adjustment of drug amounts attributable to her. The original offense level is adjusted downward.
>
> This is a very difficult case, [counsel], probably one of the most difficult ones I've had in a while. I know that [the defendant] has a number of compelling personal circumstances, but at the same time I think the Government has demonstrated that she has had a very serious involvement in the events that were brought before this Court, it's not just the [']girlfriend of[']. I mean, it's clear to me that she was intimately involved in drug dealing herself. And for that reason, I think that protection of the community, deterrence, all of those factors weigh against departing from the guideline range. I think it's a reasonable range under all of the circumstances.
>
> COUNSEL: Understood, Your Honor.

Reyes now claims a disparity in her length of sentence relative to those of her co-defendants.[1]

## II.

"The courts of appeals review sentencing decisions for unreasonableness." *Booker*, 543 U.S. at 224. "To determine if the court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the

---

[1] Argument confirmed that, among her co-defendants, Reyes received the third highest sentence. One male and one female each received a longer sentence than Reyes. Reyes does not claim bad faith on the part of the government; she contends only that her sentence is the result of being sentenced first. Argument also confirmed that, on some occasions, Reyes distributed heroin while her children were with her in her car.

3

relevant factors." *Cooper*, 2006 WL 330324, at *3 (citing 18 U.S.C. § 3553(a) factors).

While "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors . . . . The court need not discuss every argument made by a litigant if an argument is clearly without merit." *Id.* "Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.* "[W]e apply a deferential standard, the trial court being in the best position to determine the appropriate sentence." *Id.* at *4. Indeed, as this Court recently stated in *Cooper:*

> "To sum up, appellants have the burden of demonstrating unreasonableness. A sentence that falls within the guidelines range is more likely to be reasonable than one outside the guidelines range. There are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record."

*Id.* at *5.

## III.

Here, as discussed, the District Court granted a two-level reduction and sentenced Reyes to a term of imprisonment of 135 months, which was at the bottom of what the District Court correctly determined to be a range of 135 to 168 months based on the advisory guidelines. Reyes has not met her burden on appeal of proving this sentence was unreasonable. The court addressed relevant § 3553(a) factors and singled out the need for "deterrence" and "protection of the community." The court found that the sentence was in "a reasonable range under all of the circumstances." "Taken as a whole, .

4

. . . We find the District Court's judgment was reasonable under *Booker*." *Id*.

IV.

As stated, counsel abandoned at argument Reyes' second contention, namely that, at sentencing, the District Court failed to provide sufficient proof that it knew the guidelines were now advisory. Even had counsel not abandoned this argument, it is without merit. "[W]e [will not] require district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are now advisory." *Id*. at *3. "There are no magic words that a district judge must invoke when sentencing." *Id.* at 5. In addition, here, we must reject Reyes' premise that the District Court failed to express its understanding that the guidelines were advisory. The District Court made plain reference not only to its power to "depart[] from the guideline range[,]" but also to the § 3553(a) factors.

Accordingly, we will affirm the March 14, 2005 sentence of the District Court.